# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL3 | Case No. 1:06-cv-511 |
| Plaintiff | JUDGE DONALD C. NUGENT |
| vs. | MEMORANDUM OPINION AND ORDER |
| Carlton Barton, Jr., et al. | |
| Defendants. | |

This matter is before the Court on the Motion of Defendant Carlton Barton, Jr. to Dismiss Plaintiff's Complaint pursuant to Rule 12 (B) of the Ohio Rules of Civil Procedure. (ECF #34). At the outset, the Court notes that since this is an action pending in federal court based upon this Court's diversity jurisdiction, the Court will apply the Federal Rules of Civil Procedure for all procedural questions, including the standard of review under Fed. R. Civ. P. 12(b)(6) and the pleading requirements of Fed. R. Civ. P. 10 and will presume, for the purpose of this motion, that Defendant is moving pursuant to Fed. R. Civ. P. 12(b)(6) as opposed to the Ohio rules set forth in Defendant's motion. For the reasons that follow, Defendant Barton's Motion to Dismiss the is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff in this foreclosure action is Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL3 ("Deutsche"). In its Complaint, Deutsche asserts that Defendant Barton executed a promissory note in favor of Long Beach Mortgage Company, and that Defendant Barton and Latasha Barton executed a Mortgage to

secure payment of the amount due under the note in favor of Long Beach Mortgage Company. Copies of the note and mortgage are attached to the Complaint. The mortgage conveys to Plaintiff an interest in the property commonly known as 2647 Idlewood Road, Cleveland Heights, OH 44118, parcel number 687-19-015. Plaintiff further alleges that the installment payments due on the note have not been paid and the covenants of the mortgage have not been performed.

In Count One, Plaintiff asserts that it is the owner and holder of the note, the note has been accelerated and both the note and mortgage are in default. Accordingly, Plaintiff asserts that it is entitled to judgment for the principal amount of $202,293.58 plus interest on the outstanding principal balance at the rate of 9.35% per annum from October 1, 2005, plus late charges, advances for taxes and insurance, and all other expenditures recoverable under the note and mortgage and/or Ohio law.

In Count Two, Plaintiff asserts that the mortgage is a valid and subsisting first lien on the property, subject to any lien that may be held by the County Treasurer; that Plaintiff is the owner and holder of the mortgage; and, that it is entitled to foreclose the mortgage.

In his motion, Defendant Barton argues that Plaintiff is not the real party in interest and has failed to comply with Ohio R. Civ. P. 10(D).

### STANDARD OF REVIEW

On a motion to dismiss brought pursuant to FED. R. CIV. P. 12(b)(6), the court's inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Disabled Patriots of America, Inc. v. Lane Toledo, Inc.*, 325 F. Supp. 2d

837, 838 (N.D. Ohio 2004); *see also Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (6th Cir. 1990). The court "must construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1041 (1996).

## DISCUSSION

Plaintiff argues that the Complaint must be dismissed because the Plaintiff is not named in either the Note or the Mortgage attached to the Complaint, despite the averment that it is the owner and holder of the mortgage. Further, Defendant contends that Plaintiff's failure to attach a copy of an assignment of the promissory note to the Complaint, as required by Rule 10(D) of the Ohio Rules of Civil Procedure, requires dismissal of the Complaint.

The Plaintiff named in the Complaint is Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL3. This designation implies that Deutsche Bank is bringing this action on behalf of Long Beach Mortgage, who is the entity named in the Note and Mortgage. While there is no allegation that the Note and Mortgage has been assigned to Deutsche, that lack does not require dismissal at this point because Deutsche, is acting as a Trustee for Long Beach Mortgage. Moreover, all documents on which the Complaint is based have been attached to the Complaint, thus there is no cause for dismissal under Rule 10(D) of the Ohio Rules, even if those rules applied in this instance.[1] The Note and Mortgage,

---

[1] As noted previously, this Court is applying the Federal Rules of Civil Procedure which does not contain a part D to Rule 10 or otherwise require the attachment of written instruments which form the basis of Plaintiff's claim.

3

not an assignment. form the basis of Plaintiff's claims in this case. Defendant is on notice of the claims against him and Plaintiff is entitled to submit evidence in support of the claims identified in the Complaint.

Construing the Complaint in the light most favorable to Plaintiff, the Court finds that the Defendant has not shown that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957). Accordingly, Defendant's Motion to Dismiss the Complaint (ECF #34) is DENIED.

**IT IS SO ORDERED.**

_____
JUDGE DONALD C. NUGENT

DATE: May 30, 2007